ROESCH H. FITZGERALD, ADMINISTRATOR *v.*
COMMISSION

Ross E. Hearing, La Grande, Oregon, represented plaintiffs.

Carl N. Byers, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiff rendered May 27, 1969.

EDWARD H. HOWELL, Judge.

The only question presented in this case is the true cash value of a building owned by the Fitzgerald Estate in La Grande, Oregon.

For the assessment date of January 1, 1968, the assessor placed a value of $16,270 on the land and $175,000 on the improvements. These values were modified by the board of equalization which placed a value of $25,100 on the land and $134,640 on the improvements. On plaintiffs' appeal to the tax commission the values found by the board of equalization were affirmed.

The building, known as the annex to the Sacajawea Hotel, is a seven-story concrete structure built in 1930. It is located approximately one-half block off the main street of La Grande. The street floor houses a variety of business rentals. The second and third floors were rented to doctors and dentists, among others, but because of the obviously antiquated condition of the quarters most of the professional offices have become vacant. The top four floors are

rented for apartments. The occupancy rate for the apartments is high at the present but the halls are dingy, narrow and poorly lighted.

The deputy assessor who appraised the property used the income approach in arriving at his value. However, he used an interest rate of 6.5 percent in computing the capitalization rate. This rate appears low considering the quality of the subject property. On plaintiff's appeal to the commission the commission found that an 8 percent interest rate would not have been unreasonable.

The plaintiffs' appraiser also used the income approach in arriving at his value of $116,615 for the land and improvements. He used an interest rate of 8 percent in computing the capitalization rate.

The commission found, and the evidence also indicated, that sales of comparable land without improvements were practically nonexistent and that the comparable sales used needed many adjustments.

The parties disagree as to the effect of notices given plaintiffs by the State Fire Marshal's office and the City of La Grande that the building did not meet the fire and safety measures required by both departments. Primarily the reports criticized the inadequacy of the exit facilities, the excessive number of stories for the type of construction and the lack of a sprinkler system for fire protection.

The plaintiffs' appraiser estimated the cost of repair to meet the code and fire protection requirements to be $57,000. There was no evidence that the city or the fire marshal as of January 1, 1968, intended to enforce either code against the plaintiffs. No action by either department had been taken as of the time of trial in May, 1969.

After considering the evidence and viewing the property it is the court's conclusion that the land should be valued at $30,000 and the improvements for $80,000 for a total true cash value of the property as of January 1, 1968, of $110,000.